UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Jimmy Morton, | Case No. 0:19-cv-03134-ECT-LIB |
| Plaintiff, | |
| v. | **(JURY TRIAL DEMANDED)** |
| Park Christian School, Christopher Nellermoe, Joshua Lee, and Timothy Kerr, | |
| Defendants. | |

### ANSWER OF DEFENDANT TIMOTHY KERR

The Defendant, Timothy Kerr (hereinafter, Defendant Kerr), makes the following Answer to the Complaint of Plaintiff:

1. Defendant Kerr denies each and every allegation contained in the Complaint regarding this Defendant unless hereafter admitted, qualified, or otherwise answered.

2. Defendant Kerr admits that Plaintiff was an eighteen-year-old from Jackson, Mississippi in the spring of 2015. Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the remaining allegations in Paragraph 1 of the Complaint and puts Plaintiff to his burden of proof.

3. Defendant Kerr admits Josh Lee has been a boys' varsity basketball coach for PCS and admits basketball practices were held in the school gym and that participants had the option to use the weight room in the school following basketball practice in the gym.

Defendant Kerr admits that participants from the summer basketball practices played in an evening basketball league and that Josh Lee coached on the sidelines at some of the summer league games. Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the remaining allegations in Paragraph 2 of the Complaint and puts Plaintiff to his burden of proof.

4. Defendant Kerr denies that he informed Plaintiff that there would be a van provided by PCS and driven by Josh Lee or Tim Kerr to transport the "High School Shootout" participants to Wisconsin. Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the remaining allegations in Paragraph 3 of the Complaint and puts Plaintiff to his burden of proof.

5. Defendant Kerr admits generally that Plaintiff and other participants going to Wisconsin arrived at the PCS parking lot on the morning of June 23, 2015 to depart for Wisconsin as alleged in Paragraph 4 of the Complaint, but Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the remaining allegations in Paragraph 4 of the Complaint and puts Plaintiff to his burden of proof.

6. In response to the allegations in Paragraph 5 of the Complaint, Defendant Kerr admits he drove his personal vehicle, along with his own children and two other players, to attend the tournament as alleged in Paragraph 5 of the Complaint. Defendant Kerr denies he decided that Zach Kvalvog would drive other players in Mr. Kvalvogs truck. Defendant lacks sufficient knowledge or information to ascertain the truth of the remaining allegations in Paragraph 5 of the Complaint and puts Plaintiff to his burden of proof.

7. Defendant Kerr admits that his wife was asked to drive some of the boys to the basketball tournament, but Defendant Kerr's wife wanted to drive with her husband and children and Defendant Kerr was driving two other players to the tournament. Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the other allegations contained in Paragraph 6 of the Complaint and puts Plaintiff to his burden of proof.

8. Defendant Kerr admits that the three vehicles departed from the school parking lot with his vehicle being the lead vehicle, followed by Josh Lee's vehicle and Zachary Kvalvog's vehicle third, but denies that he told Zach to stay together on the road as alleged in Paragraph 7 of the Complaint. Defendant admits that Josh Lee did not have passengers in his vehicle and Zachary Kvalvog's vehicle had Connor Kvalvog, Mark Schwandt and Plaintiff as passengers. Defendant admits there were times during the drive on I-94 when all vehicles were traveling in excess of the posted speed limit. Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the other allegations contained in Paragraph 6 of the Complaint and puts Plaintiff to his burden of proof.

9. Defendant Kerr admits generally that the players participating in the tournament did not have any games scheduled on June 23, 2015 as alleged in Paragraph 8 of Plaintiff's Complaint. Upon information and belief, Defendant Kerr admits that at times he was driving in excess of the speed limit and Defendant Kerr admits that his vehicle and Josh Lee's vehicles had passed a semi that was traveling in the right lane of traffic prior to Zachary Kvalvog's accident. Defendant Kerr lacks sufficient knowledge or

information to ascertain the truth of the other allegations contained in Paragraph 6 of the Complaint and puts Plaintiff to his burden of proof.

10. Defendant Kerr admits that Zach and Connor Kvalvog were killed in an accident as alleged in Paragraph 9 of the Complaint. Defendant Kerr admits that other unknown individuals approached the accident scene and rendered assistance and Plaintiff and Mark Schwandt were injured in the accident, but Defendant Kerr lacks sufficient knowledge or information to ascertain the nature and extent of the injuries or the medical care involved and puts Plaintiff to his burden of proof.

11. In response to the allegations in Paragraph 10 of the Complaint, Defendant Kerr denies that he did nothing to help the players after the accident. Once Defendant Kerr learned of the accident, he called 911 and then drove up to the next public exit to turn around and return to the accident scene, where he attempted to assist. Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the allegations about Joshua Lee driving responses after the accident and puts Plaintiff to his burden of proof.

12. In response to the allegations in Paragraph 11 of the Complaint, Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the allegations contained in Paragraph 11 of the Complaint and puts Plaintiff to his burden of proof.

13. Defendant Kerr denies the allegations of lying in Paragraph 12 of Plaintiff's Complaint and upon information and belief alleges he was traveling 73 to 74 miles per hour the vast majority of the trip and puts Plaintiff to his burden of proof. Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the allegations of dishonesty asserted against Joshua Lee and puts Plaintiff to his burden of proof.

14. Defendant Kerr alleges Plaintiff's allegations about the nature of duties owed to Jimmy Morton are legal conclusions to which no response is required. Defendant Kerr denies the remaining allegations in Paragraph 13 of the Complaint in relation to his actions and alleges he lacks sufficient knowledge or information to ascertain the truth of the allegations against Joshua Lee and puts Plaintiff to his burden of proof.

15. Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations about his alleged injuries and damages, athletic accomplishments and aspirations prior to the accident and puts Plaintiff to his burden of proof. Defendant Kerr denies the remaining allegations in Paragraph 14 of the Complaint.

16. Upon information and belief, Defendant Kerr admits the allegations in Paragraph 15 of the Complaint.

17. Upon information and belief Defendant Kerr admits the allegation in Paragraph 16 of the Complaint.

18. Upon information and belief, Defendant Kerr admits the allegations in Paragraph 17 of the Complaint.

19. Upon information and belief, Defendant Kerr admits the allegations in Paragraph 18 of the Complaint.

20. Upon information and belief, Defendant Kerr admits the allegations in Paragraph 19 of the Complaint.

21. Defendant Kerr alleges he lacks sufficient knowledge or information to ascertain the truth of the allegations against Joshua Lee in Paragraph 20 of the Complaint and puts Plaintiff to his burden of proof.

22. Defendant Kerr admits the allegations in Paragraph 21 of the Complaint.

23. Defendant Kerr lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint and puts Plaintiff to his burden of proof.

24. Defendant Kerr admits generally that PCS fields a boys' varsity basketball team, which has a season that takes place during the academic year in accordance with the Minnesota State High School League schedule. Defendant Kerr admits that Josh Lee organized a schedule for voluntary summer basketball practices held at PCS in June 2015. Defendant Kerr alleges he lacks sufficient knowledge or information to ascertain the truth of the remaining allegations in Paragraph 23 and puts Plaintiff to his burden of proof.

25. Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 24 of the Complaint and puts Plaintiff to his burden of proof.

26. Defendant Kerr admits he asked Plaintiff to come out for the football team and generally that PCS's boys' varsity basketball team reached the state tournament in March 2014 and several players were returning as alleged in Paragraph 25 of the Complaint. Defendant Kerr lacks knowledge or information sufficient to admit or deny the other allegations in Paragraph 25 of the Complaint and puts Plaintiff to his burden of proof

27. Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 26 of the Complaint and puts Plaintiff to his burden of proof.

28. Defendant generally admits that the April 2015 edition of the Falcon Flyer and the Weekly Update" dated April 13, 2015 included generic references to an upcoming "Boys Basketball Camp" scheduled to take place on June 22-25, 2015 as alleged in Paragraph 27 of Plaintiff's Complaint. However, Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's remaining allegations in Paragraph 27 of the Complaint and puts Plaintiff to his burden of proof.

29. Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 28 of the Complaint and puts Plaintiff to his burden of proof.

30. Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 29 of the Complaint and puts Plaintiff to his burden of proof.

31. In response to Paragraph 30 of the Complaint, Defendant Kerr admits that PCS is a member of the Minnesota State High School League (MSHSL).

32. Defendant Kerr admits generally that the allegations in Paragraph 31 of the Complaint has quoted excerpts from Bylaw 208.00 as set forth in the 2019-2020 MSHSL Official Handbook.

33. Defendant Kerr alleges that in response to the allegations in Paragraph 32 of the Complaint, the allegations in Paragraph 32 of the Complaint do not appear to call for a response from Defendant Kerr. To the extent that a response is required, Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 32 and puts Plaintiff to his burden of proof.

34. Defendant Kerr alleges that in response to the allegations in Paragraph 33 of the Complaint, the allegations in Paragraph 33 of the Complaint do not appear to call for a response from Defendant Kerr. To the extent that a response is required, Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 33 and puts Plaintiff to his burden of proof.

35. Defendant Kerr alleges that in response to the allegations in Paragraph 34 of the Complaint, the allegations in Paragraph 34 of the Complaint do not appear to call for a response from Defendant Kerr. To the extent that a response is required, Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 34 and puts Plaintiff to his burden of proof.

36. Defendant Kerr alleges that in response to the allegations in Paragraph 35 of the Complaint, the allegations in Paragraph 35 of the Complaint do not appear to call for a response from Defendant Kerr. To the extent that a response is required, Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 35 and puts Plaintiff to his burden of proof.

37. Defendant Kerr alleges that in response to the allegations in Paragraph 36 of the Complaint, the allegations in Paragraph 36 of the Complaint do not appear to call for a response from Defendant Kerr. To the extent that a response is required, Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 36 and puts Plaintiff to his burden of proof.

38. Defendant Kerr denies the allegations in Paragraph 37 of the Complaint.

39. Defendant Kerr alleges that in response to Paragraph 38 of the Complaint, Defendant Kerr admits that on the morning of the trip he drove a personal vehicle with his two sons and two other players to the tournament and that Josh Lee drove a personal vehicle without any passengers. Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth the rest of the allegations in Paragraph 38 and puts Plaintiff to his burden of proof.

40. Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 39 of the Complaint and puts Plaintiff to his burden of proof. Upon information and belief, Defendant Kerr did have the permission of the parents he was driving to the tournament.

41. Defendant Kerr denies the allegations in Paragraph 40 of the Complaint.

42. Defendant Kerr alleges that Plaintiff mischaracterizes the allegations in Paragraph 41 of the Complaint as pertaining to Defendant Kerr and his wife Dawn. Defendant Kerr admits that he and his wife declined to have Dawn drive separately from her husband and two sons. Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth of the allegations about Mr. Kvalvog's conversations with Joshua Lee and puts Plaintiff to his burden of proof.

43. Defendant Kerr alleges that in response to the allegations in Paragraph 42 of the Complaint, Defendant Kerr denies that it was his decision to have Zach Kvalvog drive to the tournament. Defendant Kerr alleges he lacks knowledge or information sufficient to ascertain the truth of the remaining allegations and puts Plaintiff to his burden of proof.

44. Defendant Kerr alleges that in response to the allegations in Paragraph 43 of the Complaint, Defendant Kerr lacks sufficient information to ascertain the truth of the allegations and puts Plaintiff to his burden of proof.

45. Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of the allegations in Paragraph 44 of the Complaint and puts Plaintiff to his burden of proof.

46. Defendant Kerr alleges that in response to the allegations in Paragraph 45 of the Complaint, Defendant Kerr denies that he told Plaintiff to keep up with them on the road, but admits he was driving ahead of the Lee vehicle and the Kvalvog vehicle.

47. Defendant Kerr alleges in response to the allegations in Paragraphs 46 and 47, Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraphs 46 and 47 of the Complaint and puts Plaintiff to his burden of proof.

48. Defendant Kerr alleges that in response to the allegations in Paragraph 48 of the Complaint, Defendant Kerr admits he and Joshua Lee were traveling eastbound on Interstate I-94 and there were no tournament games to be played on the date of the June 23, 2015. Defendant Kerr alleges upon information and belief, he was traveling 73 to 74 miles per hour the vast majority of the trip and puts Plaintiff to his burden of proof. Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the allegations of the remaining allegations in Paragraph 48 of the Complaint and puts Plaintiff to his burden of proof.

49. In response to the allegations in Paragraph 49 of the Complaint, Defendant Kerr admits that he passed a semi near Dalton, Minnesota, but alleges he lacks sufficient knowledge or information to ascertain the truth of the remaining allegations in Paragraph 48 of the Complaint and puts Plaintiff to his burden of proof.

50. Defendant Kerr alleges that in response to the allegations in Paragraph 50 of the Complaint, Defendant Kerr admits that Zachary and Connor Kvalvog died as a result of the accident and Plaintiff was ejected from the vehicle during the accident, but alleges he lacks sufficient knowledge or information to ascertain the truth of the remaining allegations in Paragraph 50 of the Complaint and puts Plaintiff to his burden of proof.

51. Defendant Kerr admits there were several unknown individuals who stopped to help at the accident scene, but Defendant Kerr lacks sufficient knowledge or information to ascertain the remaining allegations in Paragraph 51 of the Complaint and puts Plaintiff to his burden of proof.

52. Defendant Kerr alleges that in response to the allegations in Paragraph 52 of the Complaint, Defendant Kerr denies that he did nothing to help the players after the accident. Once Defendant Kerr learned of the accident, he called 911 and then drove up to the next public exit to turn around and return to the accident scene, where he attempted to assist. Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the allegations about Joshua Lee driving responses after the accident and puts Plaintiff to his burden of proof.

53. Defendant Kerr alleges in response to the allegations in Paragraph 53 of the Complaint, Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the allegations contained in Paragraph 53 of the Complaint and puts Plaintiff to his burden of proof.

54. Defendant Kerr denies the allegations of lying and trying to protect himself as in Paragraph 54 of Plaintiff's Complaint. Defendant Kerr alleges, upon information and belief, he was traveling 73 to 74 miles per hour the vast majority of the trip and puts Plaintiff to his burden of proof. Defendant Kerr lacks sufficient knowledge or information to ascertain the truth of the remaining allegations asserted against Joshua Lee and puts Plaintiff to his burden of proof.

55. Defendant Kerr alleges in response to the allegations in Paragraph 55 of the Complaint, Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 55 of the Complaint and puts Plaintiff to his burden of proof.

56. Defendant Kerr alleges in response to the allegations in Paragraph 56 of the Complaint, Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of the allegations about Mr. Kvalvog's communications with Ms. Taylor or her reaction to the information she received from him.

57. Defendant Kerr alleges in response to the allegations in Paragraph 57 of the Complaint, Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of the remaining allegations in Paragraph 57 of the Complaint and puts Plaintiff to his burden of proof.

CASE 0:19-cv-03134-ECT-LIB   Document 15   Filed 02/03/20   Page 13 of 18

## COUNT ONE: DIRECT NEGLIGENCE AGAINST PCS

58. The allegations in Paragraph 58 of the Complaint do not call for a response. To the extent that a response is required, Defendant Kerr reincorporates his responses to the allegations in Paragraphs 1 through 57.

59. The allegations in Paragraph 59 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant Kerr denies the allegations.

60. Defendant Kerr alleges that in response to the allegations in Paragraphs 60, 61, 62, 63 and 64 of the Complaint, Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraphs 60, 61, 62, 63 and 64 of the Complaint and therefore denies the same and puts Plaintiff to his burden of proof.

61. Defendant Kerr denies the allegations in Paragraph 65.

62. Defendant Kerr alleges in response to the allegations in Paragraph 66 of the Complaint, Defendant Kerr denies that he told Zach Kvalvog to keep up with them on the road and as to the other allegations in Paragraph 66, Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations and therefore denies the same and puts Plaintiff to his burden of proof.

63. Defendant Kerr alleges in response to the allegations in Paragraph 67 of the Complaint, Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 67 of the Complaint and therefore denies the same and puts Plaintiff to his burden of proof.

13

CASE 0:19-cv-03134-ECT-LIB   Document 15   Filed 02/03/20   Page 13 of 18

## COUNT ONE: DIRECT NEGLIGENCE AGAINST PCS

58. The allegations in Paragraph 58 of the Complaint do not call for a response. To the extent that a response is required, Defendant Kerr reincorporates his responses to the allegations in Paragraphs 1 through 57.

59. The allegations in Paragraph 59 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant Kerr denies the allegations.

60. Defendant Kerr alleges that in response to the allegations in Paragraphs 60, 61, 62, 63 and 64 of the Complaint, Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraphs 60, 61, 62, 63 and 64 of the Complaint and therefore denies the same and puts Plaintiff to his burden of proof.

61. Defendant Kerr denies the allegations in Paragraph 65.

62. Defendant Kerr alleges in response to the allegations in Paragraph 66 of the Complaint, Defendant Kerr denies that he told Zach Kvalvog to keep up with them on the road and as to the other allegations in Paragraph 66, Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations and therefore denies the same and puts Plaintiff to his burden of proof.

63. Defendant Kerr alleges in response to the allegations in Paragraph 67 of the Complaint, Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraph 67 of the Complaint and therefore denies the same and puts Plaintiff to his burden of proof.

13

64. Defendant Kerr alleges in response to the allegations in Paragraph 68 of the Complaint, Defendant admits that he and Josh Lee were driving their personal vehicles eastbound on I-94. Defendant Kerr also admits he was driving his vehicle with traffic in excess of the posted speed limit, but denies that he owed a duty to Plaintiff and denies that his alleged conduct was the direct cause of Plaintiff's alleged injuries and damages.

65. Defendant Kerr alleges the allegations in Paragraph 69 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, the allegations are denied.

66. Defendant Kerr denies the allegations in Paragraphs 70 and 71 of the Complaint.

<u>COUNT TWO: NEGLIGENCE AGAINST DEFENDANTS NELLERMOE, LEE AND KERR</u>

67. The allegations in Paragraph 72 of the Complaint do not call for a response. To the extent that a response is required, Defendant Kerr reincorporates his response to the allegations in Paragraphs 1 through 66.

68. Defendant Kerr denies the allegations in Paragraph 73 of the Complaint.

69. The allegations in Paragraph 74 of the Complaint are legal conclusions to which no response is required. To the extent a response is necessary, Defendant Kerr denies the allegations.

70. Defendant Kerr denies the allegations in Paragraph 75 of the Complaint.

### COUNT THREE: NEGLIGENCE PER SE AGAINST DEFENDANTS LEE AND KERR

71. The allegations in Paragraph 76 of the Complaint do not call for a response. To the extent that a response is required, Defendant Kerr reincorporates his responses to the allegations in Paragraphs 1 through 70.

72. Defendant Kerr denies the allegations in Paragraphs 77, 78, 79, 80 and 81 of the Complaint.

### COUNT FOUR: VICARIOUS LIABILITY FOR THE NEGLIGENCE OF PCS EMPLOYEE DEFENDANTS

73. The allegations in Paragraph 82 of the Complaint do not call for a response. To the extent that a response is required, Defendant Kerr reincorporates his responses to the allegations in Paragraphs 1 through 72.

74. Defendant Kerr lacks knowledge or information sufficient to ascertain the truth of Plaintiff's allegations in Paragraphs 83 and therefore denies the same and puts Plaintiff to his burden of proof.

75. Defendant Kerr denies the allegations in Paragraphs 84, 85 and 86 of the Complaint.

### COUNT FOUR: NEGLIGENT SUPERVISION AGAINST PCS

76. The allegations in Paragraph 87 of the Complaint do not call for a response. To the extent that a response is required, Defendant Kerr reincorporates his responses to the allegations in Paragraphs 1 through 75.

77. Defendant denies the allegations in Paragraphs 88, 89, 90 and 91 of the Complaint.

## COUNT FIVE: BREACH OF FIDUCIARY DUTY AGAINST PCS

78. The allegations in Paragraph 92 of the Complaint do not call for a response. To the extent that a response is required, Defendant Kerr reincorporates his responses to the allegations in Paragraphs 1 through 77 of the Complaint.

79. Defendant denies the allegations in Paragraphs 93, 94, 95 and 96 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff may fail to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims may be barred to the extent they are subject to any prior release(s) or settlement agreement(s).

3. Plaintiff's recovery may be limited in whole or in part by his failure to mitigate damages.

4. If Plaintiff succeeds in proving his allegation that the High School Shootout was a PCS school event, and that Defendant Kerr is in fact found to be a "coach", "employee" or "agent" for this event, then Defendant Kerr is not civilly liable as an unpaid agent and volunteer of a non-profit tax exempt organization in accordance with the protections of Minnesota Statutes section 317A.257, subdivision 1 and 42 United States Code section 14503.

5. Defendant Kerr alleges that in the event the Plaintiff did suffer any injuries or damages as alleged the same was due to risks known to the Plaintiff and primarily assumed by Plaintiff.

6. Defendant Kerr alleges that all injuries and damages complained of by the Plaintiff, to the extent not caused by Plaintiff's own fault, were proximately caused by the fault of third persons over whom this answering defendant exercised no control or right of control and for whose conduct this answering defendant is not responsible or liable.

7. Defendant Kerr alleges he owed no legal duty to Plaintiff.

8. Defendant Kerr alleges the accident was not foreseeable.

9. Defendant Kerr alleges he breached no legal duty to Plaintiff.

10. If Plaintiff was injured as alleged in the Complaint, Defendant Kerr alleges he is without sufficient information to form a belief as to the character and extent of any damages or injuries and therefore denies the same and demands strict proof thereof.

11. Defendant Kerr alleges that even if he was negligent or at fault, which is expressly denied, such negligence or fault as may be found against Defendant Kerr was not the proximate cause of Plaintiff's alleged injuries or damages.

12. Defendant Kerr alleges that part or all of Plaintiff's alleged cause of action is barred and/or limited by the Minnesota No-Fault Act (Minn. Stat. Section 65B.41, *et. seq.*).

13. Defendant reserves the right to assert any additional affirmative defenses that emerge during discovery in this matter.

## RELIEF REQUESTED

WHEREFORE, this answering Defendant prays that the Plaintiff take nothing by his pretended claim for relief and that this Court:

1.      Dismiss the Complaint against Defendant Kerr in its entirety and with prejudice;

2.      Deny each and every request for relief contained in the Complaint;

3.      Award Defendant Kerr his reasonable costs and attorneys' fees incurred in defending this action; and

5.      Award Defendant Kerr any other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant Kerr requests a trial by jury of this action.

Dated: 2/03/2020

**LILLEBERG & HOPEWELL, PLLC**

By: /s/ Paul S. Hopewell
Paul S. Hopewell (#268379)
Peter M. Leiferman (#0396270)
5200 Willson Road, Suite 325
Edina, MN 55424
Telephone: 612-255-1129
Fax: 612-255-1139
Emails:
psh@lilleberg-hopewell.com
pml@lilleberg-hopewell.com

*Attorneys for Defendant Timothy Kerr*