UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jimmy Morton, | Civil File No: 19-cv-3134 (ECT/LIB) |
| Plaintiff, | |
| vs. | **PROTECTIVE ORDER** |
| Park Christian School, Christopher Nellermoe, Joshua Lee and Timothy Kerr, | |
| Defendants. | |

Upon consideration of the parties' Stipulation for Protective Order, [Docket No. 24], as slightly modified by the Court pursuant to its inherent authority to manage the cases that are pending before the Court,

**IT IS HEREBY ORDERED THAT**:

**Definitions.**  As used in this protective order:

    (a)    "action" means the above-entitled proceedings: *Jimmy Morton v. Park Christian School, Christopher Nellermoe, Joshua Lee, and Timothy Kerr*, Case No. 19-cv-03134, and any appeals therefrom.

    (b)    "attorney" means an attorney who has appeared in this action;

    (c)    "confidential materials" means any documents, testimony, or information which a designating party believes in good faith are entitled to confidential treatment under the law, and may include without limitation, educational history, employment history, tax information, trade secrets, financial data, personnel information, training records and information, and/or proprietary or

1

|     |     |
| --- | --- |
|     | other business confidential information relating to a business and its operations; |
| (d) | "designating party" means the party that designates any documents, testimony, or information as "confidential materials"; |
| (e) | to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert; |
| (f) | "document" means information disclosed or produced in discovery, including at a deposition, and any materials within the scope of Federal Rule of Civil Procedure 26; |
| (g) | "expert" means a person with specialized knowledge or experience in a matter pertinent to this action who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action (whether or not retained to testify at any oral hearing) and who is not a past or current employee of any party. This definition includes a professional jury or trial consultant; |
| (h) | "materials" mean any documents, information, testimony, data, or other tangible items disclosed in this action; |
| (i) | "notice" or "notify" means written notice; |
| (j) | "party" means a party to this action; and |
| (k) | "professional vendor" means any person or entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing |

        exhibits or demonstrations, organizing, storing, retrieving, or copying data in any form or medium, etc.) and its employees and subcontractors;

    (l)    "protected document" means a document protected by a privilege or the work-product doctrine.

1. **Process for Designating Confidential Materials.** A party or non-party disclosing or producing materials may designate the materials as confidential if the party or non-party believes in good faith that it contains confidential or proprietary information.

    (a) <u>Documents.</u> A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." In the case of a multi-page document, designating the first page of said document as "confidential" will have the same effect as designating each page of the document as "confidential."

    (b) <u>Testimony.</u> Deposition testimony may be designated as confidential:

        (1)    on the record at the deposition; or

        (2)    after the deposition, by promptly notifying the parties and those who were present at the deposition.

    (c) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

2. **Process for Challenging Designations.** In the event that counsel for a party receiving materials designated as "confidential" objects to such designation with respect to any or all materials, the parties shall first try to resolve such dispute in good faith on an informal basis amongst themselves. If the dispute cannot be resolved informally, counsel for the

party objecting to the designation(s) shall advise counsel for the designating party, in writing, (a) of its objections, (b) the specific materials to which each objection pertains, and (c) the specific reason for such objections (the "designation objections"). Counsel for the designating party shall have fifteen (15) days from receipt of the written designation objections to either (a) agree in writing to de-designate the materials pursuant to any or all of the designation objections and/or (b) provide, in writing, brief explanations supporting its choice of designation for the materials in question. If the party objecting to the designation(s) remains dissatisfied, it may apply for appropriate relief with the court. The designating party shall have the burden of establishing that the materials are entitled to their "confidential" designations. Pending a resolution of the designation motion by the court, any and all existing designations of the materials at issue in such motion shall remain in place.

3. **Who May Receive Confidential Materials.**
    (a) Confidential materials may be used only in this action.
    (b) No person receiving confidential materials may reveal such materials, except to:
        (1) the court and its staff;
        (2) an attorney or an attorney's partner, associate, or staff who are involved in this action;
        (3) a person shown on the face of the confidential material to have authored or received it;
        (4) a court reporter or videographer retained in connection with this action;

 (5) a party (subject to paragraph 3(c));

 (6) any deposition, trial, or hearing witness in this action who previously has had access to the confidential materials, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that has had access to the confidential materials;

 (7) professional vendors;

 (8) mediators and/or arbitrators, including their employees and staff, the parties retained in connection with this action;

 (9) experts and the staff in their employ, provided however that prior to the disclosure of the confidential materials to any such expert or staff, counsel for the party making the disclosure shall deliver a copy of the Joint Stipulation for Protective Order to such person(s), shall explain on a statement in the form attached hereto as **Exhibit A**;

 (10) any other person or entity the designating party agrees to in writing; and

 (11) any person who:

  (A) is retained to assist a party or attorney with this action; and

  (B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially the form attached hereto as **Exhibit A**.

(c) If confidential materials is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

5. **Inadvertent Failure to Designate/Inadvertent Disclosure.**

    (a) A party or non-party who discloses or produces confidential materials not designated as "confidential" may, within 7 days after discovering the error, provide notice of the error and produce a copy of the material designated as confidential.

    (b) The inadvertent disclosure by any party or non-party of any confidential materials shall be without prejudice to any claim that such materials are confidential and such party shall not be held to have waived any rights by such inadvertent disclosure.

    (c) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (d) The inadvertent disclosure of materials subject to the attorney-client privilege, attorney work product doctrine, or other applicable privileges shall not be deemed a waiver of any privilege or doctrine or protection.

    (e) Whenever counsel receives materials that obviously appear to be subject to the attorney-client privilege, work production doctrine, or other applicable privileges and where it is reasonably apparent that the materials were provided or made available through inadvertence, the attorney receiving such materials should refrain from examining them any more than is essential to ascertain if they are privileged, and shall immediately notify the sender that he or she

        possesses materials that appear to be privileged. The receiving attorney shall also destroy all copies of the privileged, inadvertently disclosed materials.

(f) In the event of an inadvertent disclosure of materials subject to the attorney-client privilege, the work product doctrine, or other applicable privilege, the producing party may give written notice to the receiving parties that the materials are privileged or immune from discovery, stating the grounds for such privilege or immunity, and request that they be returned to the producing party. The producing party shall give such notice as soon as practicable after discovering the inadvertent disclosure. Immediately upon receiving such notice, the receiving Parties may not use the alleged privileged materials and shall immediately segregate them in a manner that will prevent further disclosure or dissemination of their contents. Within 5 business days of receiving such notice, the receiving parties shall destroy or return to the producing party such materials and all copies thereof.

(g) If the receiving party disagrees with the designation of any inadvertently disclosed materials as privileged or subject to the work product doctrine, the Parties agree that they will follow the procedures set forth in Paragraph 2 to resolve their dispute. The producing party agrees to preserve the inadvertently disclosed materials until the parties informally resolve their dispute or the court, upon a motion by the receiving party, determines how the materials should be designated.

(h) A party who is notified or discovers that it may have received a protected document must comply with Federal Rules of Civil Procedure 26(b)(5)(B).

6.     **Use of Designated Confidential Materials.**

If a party files documents with the Court containing information designated as protected pursuant to the terms of this Protective Order, the filings must be in compliance with the Electronic Case Filing Procedures for the District of Minnesota. The parties are advised that designation by a party of a document as protected pursuant to the terms of this Order **cannot** be used as the sole basis for filing the document under seal in connection with either a nondispositive motion, dispositive motion, trial related motion, or trial. Only those documents and portions of a party's submission, or any part thereof, which otherwise meets requirements for protection from public filing under Federal Rule 26(c) (or in addition, but not limited to, under a statute, rule or regulation prohibiting public disclosure, Order of the Court, or other legal authority) shall be filed under seal. If a party intends to file with the Court a document designated by another party as protected pursuant to the terms of this Order, then that filing party shall provide reasonable advance notice to the designating party of such intent so that the designating party may determine whether or not they should seek to require the protected document to be filed under seal. **The filing of documents under seal must comply with Rule 5.6 of the Local Rules of the United States District Court for the District of Minnesota.** Further, any party intending to file a document under seal shall specifically review each document and the information therein to determine whether or not there is a good faith basis to believe that any privacy interest therein for sealing the document will ultimately outweigh the public's right to access filings on the Court's docket; only documents that meet this good faith basis should be considered for filing under seal so as to limit the unnecessary and problematic filing of excessive documents under seal.

7. **Changing Confidential Materials' Designation.**

    (a) <u>Materials disclosed or produced by a party.</u> Confidential materials disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b) <u>Materials produced by a non-party.</u> Confidential materials produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c) <u>Changing a designation by court order.</u> A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The process in Paragraph 2 above shall be applied. The party or non-party who designated a document as confidential must show that the designation satisfies Federal Rule of Civil Procedure 26(c).

8. **Handling Confidential Materials after Termination of Litigation.**

    (a) Within 60 days after the termination of this action (including any appeals), each party must:

        (1) return or destroy all confidential materials; and

        (2) notify the disclosing or producing party that it has returned or destroyed all confidential materials within the 60-day period.

    (b) Notwithstanding paragraph 9(a), each attorney may retain a copy of any confidential document submitted to the court.

9. **Security Precautions and Data Breaches.**

   (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

   (b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

10. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

DATED:   June 29, 2020                         s/Leo I. Brisbois
                                               Hon. Leo I. Brisbois
                                               U.S. MAGISTRATE JUDGE

# EXHIBIT A

I hereby acknowledge that I have received a copy of the Protective Order entered in *Jimmy Morton v. Park Christian School, Christopher Nellermoe, Joshua Lee, and Timothy Kerr*, Case No. 19-cv-03134 in the United States District Court for the District of Minnesota. I have read and understand the terms of the Protective Order, and I agree to be bound by all of the terms thereof. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "confidential" obtained pursuant to the Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, no later than thirty (30) days after final termination of this action, I will return to the attorney from whom I have received them, any documents in my possession designated as "confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcing or otherwise providing relief relating to the Protective Order.

| | |
|---|---|
| Date | Name |